FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND 2014 DEC -5  PM 5: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, INC. | |
| *Plaintiff,* | |
| v. | Civil Action No. ELH-14-00902 |
| ROBERT S. DEANE | |
| *Defendant.* | |

## MEMORANDUM OPINION

Ameriprise Financial Services, Inc. ("Ameriprise") has filed a "Petition/Application/Motion to Summarily Confirm Arbitration Award and for Judgment[,] 9 U.S.C. Section 9." ("The Petition," ECF 1). In particular, Ameriprise seeks summarily to confirm the arbitration award ("Award") of an Arbitrator appointed by the Financial Industry Regulatory Authority, Inc. ("FINRA") Dispute Resolution in the case of *Ameriprise Financial Services, Inc. v. Robert S. Deane*, FINRA Case No. 13-01177 (the "Arbitration"). It also seeks the entry of judgment in favor of Ameriprise and against Deane in the total amount of $111,569.94. In addition, it seeks interest accruing on compensatory damages at the rate of 1.84% per annum, dating from August 14, 2012, to the date of payment.[1]

The Petition is support by several exhibits, including a copy of the FINRA Arbitration Award (ECF 1-1, Exhibit A) dated November 1, 2013. It reflects that a copy of the Award was provided to Deane. Moreover, Deane was served with this lawsuit on April 4, 2014, ECF 5, but he has not responded.

---

[1] Jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332(a)(1), and federal question, pursuant to 28 U.S.C. § 1331, because the matter arises under the laws of the United States, *i.e.*, 9 U.S.C. § 9.

Now pending is Ameriprise's "Motion To Summarily Confirm Arbitration Award And For Judgment" (ECF 8), filed September 18, 2014 (the "Motion"). The certificate of service reflects that a copy of the Motion was sent to Deane. The Motion is supported by a verified legal memorandum (ECF 10). In particular, Paul Cahill, Esquire, the lawyer for Ameriprise at the Arbitration, has sworn to the facts, under oath. *See* ECF 10 at 11. In addition, Ameriprise has submitted seven exhibits in support of the Motion. *See* ECF 10-1 to ECF 10-7. Mr. Deane has not responded to the Motion. Therefore, the facts are uncontested.

The relevant issues have been fully briefed by Ameriprise. The Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow Ameriprise's Motion will be GRANTED.

### Factual Summary[2]

Between November 23, 2010 and August 14, 2012, Deane was a registered representative with Ameriprise at a branch located in Timonium, Maryland. ECF 10 at 5. Therefore, Deane was an associated person of a member firm of FINRA. *See* ECF 10-2. As an associated person of FINRA, Deane was required to arbitrate any dispute, claim, or controversy between Deane and Ameriprise, in accordance with FINRA rules. *See* ECF 10-3; ECF 10 at 5.

On November 23, 2010, Ameriprise loaned Deane $118,788.47, evidenced by a Promissory Note (the "Note") signed by Deane on November 23, 2010. *See* ECF 1-4. Under the terms of the Note, Deane was to repay that sum, plus interest at the rate of 1.84% per annum. Payments of principal and interest were due and payable in eight annual installments beginning November 19, 2011. ECF 1-4 at 2. Deane was terminated from Ameriprise on August 14, 2012. As a result, the remaining balance on the note, in the sum of $101,261.63, plus interest, became

---

[2] The facts are gleaned from the material provided by Ameriprise.

immediately due and owing. *See* ECF 1 at 4, ¶ d. Despite Ameriprise's demand, Deane failed and refused to honor his obligation under the promissory note. *Id.* ¶ e.

Pursuant to ¶ 6 of the Note, ECF 1-4 at 3, the parties agreed that any disputes arising with respect to the Note would be subject to arbitration pursuant to the FINRA Code of Arbitration Procedure for Industry Disputes. In accordance with the terms of the Note, Ameriprise initiated the Arbitration with FINRA on or about April 23, 2013, by filing a Statement of Claim against Deane, alleging his default under the Note. ECF 10, ¶ 9. Deane was served with the Statement of Claim but did not respond. *See* ECF 10-1.

Pursuant to FINRA Code of Arbitration Procedure Rule 13806(e), the matter was submitted to the Arbitrator, to be decided on the basis of the documentary evidence. The Arbitrator determined that Deane was properly served and, pursuant to the documentary evidence submitted by Ameriprise, the Arbitrator entered an Award in favor of Ameriprise and against Deane in the total amount of $111,569.94. That sum consisted of $101,261.63 in compensatory damages; pre-award interest of $224.61; $3,871.70 in costs; and $6,212 in attorneys' fees; plus interest accruing on compensatory damages at the rate of 1.84% per annum (*i.e.* $5.10 per day) from August 14, 2012 to the date of full payment. *See* Exhibit 10-1. The Award was served on the parties on or about November 1, 2013. ECF 10, ¶ 12.

Under the Federal Arbitration Act, a motion to vacate, modify, or correct an arbitration award must be filed not later than 90 days after the date of service of the award. *See* 9 U.S.C. § 12. As noted, the Award was issued on November 1, 2013, and sent to the parties on that date. Deane has not filed a motion to vacate or correct the Award, and the time to do so has long since passed. Nor has the Award been reduced or otherwise modified. Under Rule 13904 of the

FINRA Code, in the absence of a motion to vacate, the award of the Arbitrator may be entered as a judgment in any court of competent jurisdiction.

Ameriprise instituted this suit within one year of the issuance of the Award.  Under 9 U.S.C. § 9, upon motion of a party, the Court shall confirm an arbitration award in the absence of a motion to vacate or a modification of the award.

Deane is not in the military, as set forth in the non-military affidavit provided by Ameriprise.  *See* ECF 10-7.  As previously noted, the Motion has been submitted under penalty of perjury by the attorney who represented Ameriprise in the Arbitration.  *See* ECF 10 at 11. And, the facts are not contested.

For the reasons set forth herein, the Court will GRANT Ameriprise's request for an order confirming arbitration award and for judgment.

A separate Order follows.


Date:   December 5, 2014                         _____/s/_____
                                                Ellen L. Hollander
                                                United States District Judge